

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 15, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-853

Re: What constitutes a
"component part" of a
radio, television or
phonograph, as defined
in Chapter 20, H.B. 11,
56th Leg., 3rd C.S.

Dear Mr. Calvert:

You have advised that your Department is having difficulty administering the provisions of Ch. 20 of H.B. 11, 3rd C.S. of the 56th Legislature, pertaining to the definition of component parts of radios, phonographs and television sets. Specifically, you state:

"'Component part' is defined, among other things, in subsection 'h' of article 20.01 as being 'any metal, wood or plastic housing or cabinet built or manufactured to contain a radio, television or phonograph, or any other apparatus, equipment, device, or part as _may_ be used in the assembly, installation, maintenance or testing of radios, television sets or phonographs as defined in this Chapter.'

"As you can radily determine, many objects that 'may' be used 'as' or 'in' taxable items have other uses in industry, business and the home. Those persons selling these items need to know if this language of the statute contemplates 'may' be used in a flashlight or other devices and also 'may' be used in a radio. Does its actual 'use' or its 'nature' determine whether or not it is taxed? If its 'use' determines its taxable character, will it be necessary for everyone who handles such an item on a retail basis to have a permit? In other words, if such a battery is sold by a gasoline service station is it presumed _not taxable_? Is it presumed _taxable_ if sold by a dealer in taxable electronic components? I use batteries as an example here, but the question goes much deeper,

because the same questions apply to
nuts, bolts, screws, wire, tubes,
electrical conduit globes, lumber,
plastics, glue, etc., including all
items that do or might go into the
construction of a taxable item.

"An item commonly known as a TV table
has many uses, and is not necessary to
the operation of the set and is commonly
used for many other purposes.  Is this
item taxable as a component part when
purchased at the same time a television
set is purchased?

"Is the item described above taxable
if purchased separately from a TV set?

"The antenna commonly known as 'rabbit
ears' and outside antenna are not necessary
to the operation of the set.  Are they
taxable as 'component parts'?

"There is an item on the market for
plugging into a light socket to use the
entire house wiring system as an antenna.
If you answer the foregoing question in
the affirmative and if the item described
above is ued, does the house wiring system
become taxable?"

In addition to the definition of component parts set
forth in the foregoing quotation, the following portion of
Article 20.02 is pertinent:

"There is hereby levied and shall be
imposed upon the sale, distribution or
use in this State of radios, television
sets, phonographs and component parts and
excise tax equivalent to 3% of the retail
price for which such radios, television
sets, phonographs and component parts are
sold. "

Construing the portion of the Act imposing the tax together
with the definition of component parts, it is obvious that the
Legislature intended to impose the tax upon all component parts
of radios, television sets or phonographs, and upon any other
apparatus, equipment, device, or part designed and used for
the testing of radios, phonographs or television sets.  The

officials of your Department charged with the administration of the Act have interpreted its provisions to mean that any apparatus, equipment, device or part designed or manufactured and sold for the purpose of being used in a radio, phonograph or television set, or for the purpose of being used in the testing of radios, phonographs or television sets are taxable items. The questions here posed are to be resolved in light of this departmental interpretation, which accords with the intent of the Legislature as evidenced by a reading of the Act in its entirety. Any other construction would make the tax almost impossible of enforcement.

Under this view, an ordinary flashlight battery would not qualify as a taxable item since it is not designed or built for the purpose of being used in a radio, phonograph or television set. It is true that such a battery may be used in certain radios. However, many other items may be used in a radio, television set or phonograph which are not designed or manufactured specifically for such purpose. Such items are not taxable under the Act.

It is not necessary that a person dealing in non-taxable items obtain a permit. Therefore, dealers trafficking in flashlight batteries and other items which may be used in radios, phonographs or television sets, but which are not designed specifically for such use, are not required to obtain a permit.

Your second question concerns the taxability of items known as TV tables. A TV table is not a "metal, wood or plastic housing or cabinent, built or manufactured to contain a radio, television set or phonograph," nor is it "any other apparatus, equipment, device or part as may be used in the assembly, installation or maintenance or testing of radios, phonographs or television sets," consequently, it is not an item taxable under the Act. This conclusion obtains regardless of whether the table is sold with the television set or is sold separately.

Antenna known as rabbit ears and outside antennae are parts, apparatus, equipment or devices specifically designed and manufactured for use in the operation of television sets, radios or phonographs. It is not required that such parts, devices or equipment be necessary to the operation of the set. Therefore, rabbit ears and outside antennae are taxable "component parts".

The item which you described as a device for plugging into a light socket to use the entire house wiring system as an antenna would be taxable. It apparently takes the place of

rabbit ears or outside antennae, and is manufactured and designed specifically for such use. However, this does not make the entire wiring system of the house taxable. The wiring system obviously is not designed or manufactured specifically for use in connection with the operation of a radio, television set or phonograph.

S U M M A R Y

Flashlight batteries which are not designed specifically for use in connection with the operation of a radio, television set or phonograph, are not taxable under the provisions of Chapter 20 of H.B. 11, 3rd C.S. of the 56th Leg.

Television tables doe not qualify as "component parts" of radios, television sets, or phonographs, regardless of whether such tables are sold with the set or separately.

Antennae known as rabbit ears and outside antennae are taxable as "component parts" of radios, phonographs and television sets even though they are not necessary to the operation of the sets. Items designed for plugging into a light socket to use the entire house wiring system as an antenna are taxable since they are designed and sold to be used in connection with the operation of a radio, phonograph or television set. However, this does not make the entire house wiring system taxable as a "component part" of a radio, phonograph or television set.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Jack N. Price
    Jack N. Price
    Assistant

JNP:CM

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

John Reeves
William E. Allen
C. Dean Davis
Charles Cabiness

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore